MOSES PECK *v.* FRANKLIN W. THOMPSON and CHARLES THOMPSON.

No objection for variance between the declaration and proof which was not raised in the county court, and which might there have been obviated by amendment, will be sustained in the supreme court when revising the case on exceptions, unless the variance is apparent upon the face of the exceptions, and is of such a character that the judgment, if affirmed, would not protect the parties in reference to the matter actually litigated.

A. owed B. and sent him with a verbal order to procure the money from C. on A.'s account. C. refused to pay upon a verbal order, and required B. to bring a written order from A, or else to give his own accountable receipt for the money. B. received the money and gave his receipt to account to C. for it on demand. Afterwards C. called on B. and threatened to commence a suit upon his receipt. Of this B. notified A., relying upon him to settle the demand of C. A. claimed that he had already paid it to C, in discharge of B. And to induce B. to submit to a suit in favor of C, and thereby afford A. an opportunity to prove such payment, A. and D. promised to indemnify B. against any judgment which C. might recover, as also against the expense of defending C's suit. *Held*, that the promise of A. and D. was not affected by the statute of frauds.

ASSUMPSIT in several counts, but the one on which the plaintiff relied, was as follows : —

"Also, in a further plea of the case for that whereas, heretofore, to wit, on the 16th day of November, 1836, there was pending in the county court, then sitting at Montpelier, within and for the county of Washington, an action of assumpsit on an accountable receipt, in favor of John Campbell, jr., against Moses Peck, the present plaintiff, which said receipt, and the matters in controversy in said suit, the defendants in this suit were equitably bound to settle, pay, and take up. And the said defendants so being equitably bound to settle, pay and take up said receipt, and to settle the matters in controversy in said suit, in the month of November, 1836, to wit, on the 16th day of said month, promised and agreed with the plaintiff in this suit, that if he, the said Peck, would defend the said suit, so pending, as aforesaid, in favor of said

Campbell, against said Peck, if the said Campbell should recover a judgment in said suit against said Peck, that they, the defendants, would settle, and pay the said judgment, and also pay to the said Peck, all costs and expenses that should accrue in the defence thereof. And the plaintiff saith, that, relying upon the promise and agreements of the said defendants, he did defend said suit in said court, and that a final judgment was rendered therein against the present plaintiff, at the April term of said court, A. D. 1837, in favor of the said Campbell, for the sum of ninety dollars and sixty-four cents, damages, and twelve dollars and ninety-four cents, costs of said suit. On which judgment an execution issued against said Peck, on the 19th day of April, 1837, for the sums aforesaid, and twenty-five cents for execution, and he, the said Peck, was afterwards arrested thereon, and committed to prison, and compelled to, and did, pay the said judgment and execution, so recovered and issued, as aforesaid, together with two dollars and forty-nine cents, officer's fees on said execution. And the said Peck expended a large sum, to wit, seventy dollars, in the defence of said suit; of all which the defendants had notice.

Yet, though often requested, the plaintiff says that the defendants have not paid nor settled said judgment, or paid either of said sums, or any part thereof; but wholly neglect and refuse so to do."

The cause was brought into this court upon the following bill of exceptions: —

This was an action of assumpsit, as per writ and declaration referred to, and made a part of the case. Plea, the general issue. Trial by jury.

It appeared that the defendant, Franklin W. Thompson, in the spring of the year 1835, commenced doing business in Montpelier as a confectioner, and conducted and continued said business until the month of October, of the same year, and was solely interested in the same. In the month of September, 1835, the plaintiff supplied the said Franklin W. with sugar, to the amount of about $177, and the plaintiff received cash, and a verbal order on one John Campbell, jr., for $88, in settlement for the same. When the plaintiff called upon the said John Campbell, jr., for said sum of $88, he declined paying the same, without a written order, unless

plantiff would give his receipt for the same, to account for; WASHINGTON, *March*, 1843. whereupon, the plaintiff gave the said Campbell his receipt of the following tenor : "Sept. 5, 1835. Received of John Campbell, jr., $88, to account for on ·demand." In the spring or summer of 1836, the plaintiff notified Franklin W.. who was then residing in New-Hampshire, with his father, Charles Thompson, that he was threatened with a suit, and about to be sued, on said receipt, and requested the said F. W. to pay, and take up the same ; to which the said F. W. replied, that he had allowed the amount to Campbell in his settlement with him, and said he could show it. The said Charles Thompson asserted the same, and there was evidence tending to show that both the defendants then, and at other times, promised the plaintiff that if he would defend the suit which Campbell should commence, they would see him clear and harmless from all damages and costs. The plaintiff defended the suit of the said Campbell, and a judgment was rendered against him for the sum of              , damages, and              , costs of said suit; upon which execution issued, and the plaintiff's body was arrested, and committed thereon, and he compelled to pay the same. To recover which, and counsel fees, and other expenses incurred in said defence, the plaintiff commenced this suit.

Peck *v.* Thompsons.

The court charged the jury, that if, under the circumstances before detailed, they found that the defendants, Charles Thompson, with his son, F. W. Thompson, jointly promised the plaintiff, that if he would suffer a suit, and defend against the receipt he had given Campbell, and in case he, the plaintiff, did not succeed in the defence, they would pay all cost and trouble, and take up said receipt, then the plaintiff would be entitled to recover the full amount of the receipt, costs and trouble ; or in other words, the judgment obtained by by Campbell, of the defendants ; although there was no promise in writing by either of the defendants.

To all which defendants excepted ; and after, verdict for plaintiff, moved the court in arrest of judgment. Which motion was overruled, and defendants excepted to that also.

Exceptions allowed and execution stayed, &c.

*Dillingham*, *Heaton* and *Kinsman*, for defendants.

1. The case shows that the orignal claim of *Campbell* v.

*Peck*, was the sole and undisputed debt of F. W. Thompson to pay.

2. The promise proved was, if plaintiff would resist that claim, and was unsuccessful, defendants would pay the original debt and all costs and expenses.

We think there was a fatal variance between the declaration and proof; the declaratian alleges that defendants were equitably and legally bound to pay the Campbell claim, when the proof does not show the shadow of obligation on the part of Charles Thompson previous to the joint promise proved on trial. *Bristow* v. *Wright*, Doug. 640 ; *Smith* v. *Taylor*, 1 N. R. 210 ; Stark. Ev. 1552, n. *x*.

If the plaintiff is not entitled to recover against both of these defendents, then he can recover against neither ; so that we may consider this case as though the action was against Charles Thompson, and the same promise proved against the two, as made by him alone.

That part of the promise which bound him, in case of recovery against Peck by Campbell, to pay the amount of that receipt, was clearly an undertaking for the debt, default or miscarriage of another, and so within the statute of frauds. Defendant's undertaking, then, was entire, and a part of it was void by the statute of frauds.

If a promise is entire, and a part of it is void, under the statute of frauds, there can be no recovery on it, as the whole is void. Chitty on Contracts, 206, 230 ; *Van Alstyne* v. *Wimple*, 5 Cowen's R. 162 ; *Charter* v. *Beckett*, 7 Term R. 201 ; *Loomis* v. *Newhall*, 15 Pick. R. 159 ; *Turner* v. *Hubbell*, 2 Day, 457 ; 8 Johns. R. 29.

There are other cases strong to this point. In *Lexington* v. *Clark & wife*, 2 Vent. 223, the plaintiff had demised lands to the former husband of the wife, defendant, and in consideration that the plaintiff would permit her to have the premises until Lady-Day then next, and permit her to remove certain fixtures, she promised the plaintiff to pay £160 for the rent arrear, and £260 more. She paid the £160, which was within the statute, and plaintiff sued for the £260, which was for her own occupation. But the whole court decided that the promises being void for one part, could not stand good for the other ; saying " it is an entire agreement, and the action is brought for both the sums, and, in-

deed, could not be otherwise without variance from the promise."

So in the case of *Featherston* v. *Hutchinson*, Cro. Eliz. 199. There the plaintiff had arrested the body of one H. on execution at the suit of J. S. The defendant promised plaintiff to pay him the money which J. S. was adjudged to pay. The promise as to the first consideration was void by statute 23 Henry VI. chap. 12, being for ease and favor; and although that was joined with a good consideration, to wit, the two shillings—yet it was held by the court that the promise being void for a part, was void for the whole.

Indeed, it would seem that if this suit were to recover the expenses of defending Campbell's suit, alone, even in that case, the promise would come within the statute of frauds, 2 Esp. R. 484. Comyn on Contracts, 69.

*Upham & Vail*, for plaintiff.

Two questions are presented for discussion by the bill of exceptions allowed in this case. 1. Is the promise declared upon within the statute of frauds? and 2. Is the declaration sufficient to sustain a judgment for the plaintiff?

I. As to the statute of frauds. The promise declared upon is, we insist, an original undertaking founded upon a new and distinct consideration, independent of any debt due plaintiff, and one moving between the parties to the new promise, and consequently not within the statute. *Tomlinson* v. *Gill*, Amb. 330; *Williams* v. *Leper*, 3 Burr. 1886; *Leonard* v. *Vredenburgh*, 8 Johns. Rep. 29; Roberts on Frauds, 232 to 237. Where there is a pre-existing debt, or other liability, it is said, a promise to pay by a third person, having immediate respect to, and founded upon, such debt or liability, without any new consideration moving to him, is a collateral undertaking, and is within the statute. But where, distinct from the original liability, there is a superadded consideration for the promise, moving between the party making it, and him to whom it is made, the undertaking is an original one, and is not within the statute. 7 Harris & Johns. 391; Chitty on Con. 5 ed. 507, n. 2.

The words of the statute are "no action shall be brought to charge any person, upon any special promise to answer

## 642

WASHINGTON, March, 1843.

Peck
v.
Thompsons.

for the debt, default or miscarriage of another ; unless the promise, contract or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing," &c.   Statute, 316, 317.

In the case at bar, as between the plaintiff and defendants, what promise is there as to the debt, default, or misdoings of another ?   Franklin W. Thompson was under no legal obligations to defend Campbell's suit against the plaintiff ; consequently it cannot be said that the promise declared upon is a promise to answer for the debt, default, or misdoings of Franklin W. in relation to the defence of that suit.   If the third party be not by law liable for the demand, the defendant's promise cannot be considered collateral, and need not be in writing.   Harris v. Huntbach, 1 Burr. 373 ; 3 Bac. Ab. 595 ; Loomis v. Newhall, 15 Pick. 159, 170 ; Chitty on Cont. 5 ed. 515.

The defendants contended, when they made the promise declared upon, that there was no debt due plaintiff from F. W. Thompson.   They insisted that the $88, for which Campbell threatened to sue plaintiff, had been allowed him in a settlement with F. W. Thompson, and they could prove it ; and for the purpose of giving them an opportunity to make the proof, they desired the plaintiff to suffer the suit and defend it.

This case, we think, cannot be distinguished in principle from Adams v. Dansey, 19 E. C. L. R. 149, where the plaintiff, an occupier of land, at the request of the defendant, and upon a promise of indemnity, resisted a suit of the vicar for tithes ; and it was held by the court that it was not a promise required by the statute of frauds to be in writing.   12 Mass. 297 ; 1 New R. (4 Bos. & Pull.) 124 ; 2 East, 325.

The suit in favor of Campbell against the plaintiff was suffered and defended, at the request, and for the benefit of the defendants.   The plaintiff had no interest in its defence, and would not have suffered it to proceed to trial, but for the promise of the defendants.

But it is now said by the defendants, that Franklin W. Thompson owed the plaintiff a debt of $88, at the time the promise was made, and therefore, it is within the statute. The promise is not to pay the debt due from F. W. Thompson to the plaintiff, but to see him clear and save him harmless from all the consequences of Campbell's suit.

It has been frequently held that a parol contract is not invalid, where the party making the promise has assumed some other duty, and not the payment of the very debt which was due from the third person. *Reid* v. *Nash*, 1 Wils. 305 ; *Harrington* v. *Rich*, 6 Vt. R. 666, 673 ; and it makes no difference, where the promise is founded on a new consideration, that its performance would have the effect of discharging that demand and releasing that person. *Williams* v. *Leper*, 3 Burr. 1886 ; 2 Wils. 308 ; *Bampton* v. *Paulin*, 4 Bing. 264 ; Chitty on Cont. 5 ed. 512, 513.

So in this case, if there was a debt of $88, due from F. W. Thompson to the plaintiff, and the successful defence of Campbell's suit would have discharged it, the promise is not within the statute, because it was not to pay the very debt due the plaintiff.

But again, if the plaintiff had succeeded in his defence to the Campbell suit, the defendants would not have been discharged from their promise ; they would have been liable for the cost and expense of the defence.

II. As to the declaration. If there is any defect in the declaration, which would have been a fatal objection on demurrer, it is cured by the verdict. We insist, however, that it is in no way defective.

The opinion of the court was delivered by

ROYCE, J. — The motion in arrest has not been urged in the argument, and will, therefore, be passed without remark.

There are two particulars in which the evidence on trial varied from the averments in the declaration : — One in reference to the alleged equitable obligation of both these defendants to settle and pay the claim of Campbell ; and the other in relation to the alleged fact that Campbell's suit against the plaintiff was pending when the defendants made the promise declared on. It might be sufficient to remark, that the former allegation can only be regarded as inducement to the promise, and that the latter is immaterial. But there is another ground upon which, in this stage of the case, the objection must fail. The point of variance does not appear to have been raised in the court below ; and comes incidentally to our notice on comparison of the declaration with the

# 644 CASES IN THE SUPREME COURT

bill of exceptions. And since these variances could neither affect the intrinsic merits of the cause, nor the validity of the judgment, they are not to be regarded in revising the case upon exceptions. Indeed, no objection on the ground of variance, which was not raised in the county court, and which might there have been obviated by amendment, should be sustained in this court, unless the variance is both apparent upon the record, and of such a character that the judgment, if affirmed, would fail to protect the parties in reference to the matter actually litigated.

It is objected that the promise on which the plaintiff recovered, was void as against the defendant, Charles Thompson, under the statute of frauds, because not evidenced by writing. The objection assumes that Franklin W. Thompson was under a previous obligation to pay Campbell's demand against the plaintiff; so that the promise of the two defendants, on which this action is founded, was a promise, on the part of Charles Thompson, to answer for the debt of another. Without entering into the question discussed at the bar, whether, admitting the fact assumed, the objection would be removed by the object and terms of the promise, (it being a promise to indemnify against the claim of Campbell, and not expressly to pay it) it will be sufficient to determine the correctness of this assumption, which is the basis of the whole argument against the validity of the promise declared on.

The case finds that Franklin W. Thompson owed the plaintiff $177.00; that they met to adjust that demand, when the plaintiff received of Thompson a sum of money, and a verbal order on Campbell for the balance, being $88; that when the plaintiff resorted to Campbell for the $88, he refused to pay the money on a verbal order, and required the plaintiff to procure a written order from Thompson, or to give his own accountable receipt for the money. The plaintiff took the latter course, and obtained the money on his own receipt, to account to Campbell for it on demand. It is clear that by this transaction the balance due from Thompson to the plaintiff was not paid, but the latter contracted a debt of equal amount to Campbell. It was doubtless contemplated that Thompson would pay the debt to Campbell, and thus discharge his own debt to the plaintiff; but in the

mean time the two debts were actually distinct and inde-pendent. Nor does the case disclose any distinct un-dertaking on the part of Thompson to make payment to Campbell. In this condition of things Campbell demanded payment of the plaintiff, when Thompson insisted he had paid Campbell for the plaintiff. The two defendants, there-upon, requested the plaintiff to suffer a suit by Campbell, and thus afford Thompson an opportunity to prove his alleged payment; in consideration whereof they made the promise declared on. This agreement did not immediately relate to any debt of Thompson, but to a disputed claim which Camp-bell asserted against the plaintiff. And the consideration for the agreement originated entirely between the present parties; Campbell was a stranger to it, as he was to the agreement itself. We are, therefore, satisfied that the case is not at all affected by the statute of frauds.

Judgment affirmed.